**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26CV-P174-CRS**

**ANTHONY CAIN** **PLAINTIFF**

**v.**

**KY DOC, *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION

Plaintiff Anthony Cain, formerly known as Jeffery Johnson, filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The matter is before the Court on an initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I.

Plaintiff is incarcerated at Calloway County Jail ("CCJ"). Plaintiff sues the Kentucky Department of Corrections ("KDOC"), the State of Kentucky, CCJ, Wellpath, West Kentucky Correctional Care ("WKCC"), Comprehensive Correctional Care ("CCC"), Cyndy Wathem, Dr. Wilson, Jor Pharacy, and Mercy Health, Kentucky. [DN 1]. Plaintiff alleges that he is in imminent danger and in extreme pain since 2013 because of Defendants' denial of medical care and their tampering with his federal lawsuits by "getting them" dismissed, changing demand amounts on the docket sheets of his cases, and manufacturing fraudulent federal envelopes.

In discussing his denial of medical care, Plaintiff states that he was thrown in prison and denied medical care for a spinal cord injury for over a decade. Plaintiff contends that the deliberate indifference is still ongoing today.

With respect to his allegations regarding Defendants tampering with his federal lawsuits, Plaintiff recites past cases, past defendants, and past claims in lawsuits he has filed since 2013. Relatedly, Plaintiff alleges that attorney Chris Hendren, who is a non-party in this action, has approximately 100 fraudulent United States federal court envelopes for every case. Plaintiff further states that non-parties United States Attorney General Pamela Bondi and FBI Director Kash Patel have a dozen more envelopes manufactured by Calloway County, Marshall County, the KDOC, and the State of Kentucky.

Plaintiff further alleges that Defendants are acting "as agents of Calloway County, Marshall County, and the state of Kentucky and under the color of law" and have violated their "policy or custom to protect and serve." [*Id.* at 6].

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of fixing his "eye, hearing, back neck & spine, lungs, diabetis cured, erectial disfunction fixed and anything else wrong with me." [*Id.* at 1].

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are

clearly baseless. *Id.* at 327. "Examples of the former class are . . . claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328)).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. CCJ**

CCJ is not a "person" subject to suit under § 1983 because county and municipal departments, such as detention centers and jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Calloway County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against Defendant CCJ as claims brought against Calloway County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

**B. Calloway County, Wellpath, CCC, and WKCC**

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality or county such as Calloway County or a private corporation such as

WellPath, CCC, and WKCC,[1] the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the county or private corporation as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Here, while Plaintiff states that he is making a *Monell* claim against Calloway County and the medical providers, Plaintiff does not allege that a policy or custom of Calloway County or the medical providers was the moving force behind the alleged constitutional violations. Instead, he states that Defendants have a policy to protect, serve, and help. Plaintiff complains that despite this policy, Defendants have violated that policy which is "the moving force behind [his]

[1] The same analysis that applies to a § 1983 claim against a municipality or county applies to a § 1983 claim against a private corporation, such as WellPath, CCC, or WKCC. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *see also Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM, 2022 WL 13973775, at *2 (W.D. Ky. Oct. 21, 2022).

injur[ies].” Essentially, Plaintiff alleges that his rights were violated because staff at CCJ and medical staff at Wellpath, CCC, and WKCC *failed* to follow the policies and procedures in place. “[A] government entity is liable only for injury stemming from a policy of that entity, not from an individual aberration or isolated act.” *Andrade v. Cnty. of San Diego*, No. 14-CV-1330-GPC-BGS, 2015 WL 13738298, at *8 (S.D. Cal. Aug. 18, 2015). Accordingly, the Court will dismiss these claims against CCJ (Calloway County) and against Defendants Wellpath, CCC, and WKCC.

**C. KDOC and the State of Kentucky**

Plaintiff sues the KDOC and the State of Kentucky. The KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not “persons” subject to suit under § 1983. *Will v. Mich. Dep’t of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the state of Kentucky and KDOC. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). Thus, Plaintiff’s claims against the state of Kentucky and the KDOC must be dismissed.

**D. Deliberate indifference**

Plaintiff alleges that he is in imminent danger and extreme pain and asserts:

> I was througn in prison and denied medical care for the spinal cord injury to my throsic spine for over a decade left to suffer the IIED & unnecessary want infliction of extreme pain that is still on going from the deliberate indifferance to my health, safety & serious medical needs that’s still ongoing today the fact that the unconsional actions of the defendants all & together torturing me in pain since 2013.

[DN 1 at 3–4]. The allegations are conclusory and too lacking in factual specificity to state a claim. *See Iqbal*, 556 U.S. at 678 (complaint not suffice “‘if it tenders ‘naked assertion[s]’ devoid of ‘further factual enhancement’”) (quoting *Twombly*, 550 U.S. at 555, 557).

Moreover, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A plaintiff "must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012). Because the above allegations do not specify which Defendant, if any, subjected him to deliberate indifference, the allegations are insufficient to support a claim. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-CV-1583, 2020 WL 1140071, at *3 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

**E. Remaining Claims**

Plaintiff's remaining claims, including that Defendants are tampering with his federal lawsuits by getting them dismissed, changing demand amounts on the docket sheets, and manufacturing fraudulent federal envelopes, do not assert coherent factual allegations to support a valid legal claim. Instead, the allegations are "comprised of exactly the type of 'fantastic' and

'delusional' factual allegations that warrant dismissal for frivolousness." *Brantley v. United States Gov't*, No. 3:23-CV-278-RGJ, 2023 WL 6795293, at *2 (W.D. Ky. Oct. 13, 2023). Additionally, because these allegations do not specify which Defendant, if any, tampered with his federal lawsuits, the allegations are insufficient to support a claim. *See Frazier*, 41 F. App'x at 764; *Lister*, 2020 WL 1140071, at *3.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that these allegations meet this standard, as well.

**IV.**

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: November 24, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.014